CASE NO. 08-80730-CIV-MARRA/JOHNSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80730-CIV-MARRA/JOHNSON

HEATHER KERTESZ,

       Plaintiff,

v.

NET TRANSACTIONS, LTD., a Gibraltar
limited liability company d/b/a
COLLEGEWILDPARTIES.COM;
WESTLAKE HOLDINGS, AVV, an Aruban
corporation; EDWARD JAMES
ENTERPRISES, INC., a Florida corporation;
and JAMES WITUCKI, an individual,

       Defendants.
_____/

## DEFENDANTS NET TRANSACTIONS, LTD., WESTLAKE HOLDINGS, AVV, EDWARD JAMES ENTERPRISES, INC., AND JAMES WITUCKI'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants Net Transactions, Ltd. ("Net Transactions"), Westlake Holdings, AVV ("Westlake"), Edward James Enterprises, Inc. ("EJ Enterprises"), and James Witucki (collectively, the "Defendants"), answer Plaintiff Heather Kertesz's Fifth Amended Complaint (the "Complaint") as follows:

### THE PARTIES & JURISDICTION

1. In response to paragraph 1, the Defendants admit that the Complaint purports to state various claims, but deny any wrongdoing or liability.

2. The Defendants deny that at all relevant times, the Plaintiff was over the age of 21, but admit that the Plaintiff is an individual who at the time this action was filed was a resident of

1

CASE NO. 08-80730-CIV-MARRA/JOHNSON

Palm Beach County, Florida. The Defendants are otherwise without knowledge as to the truth of the remaining allegations contained in paragraph 2.

3.  The Defendants admit that Net Transactions is a Gibraltar limited liability company that owns the website College Wild Parties (accessible at the URL www.collegewildparties.com), but deny the remaining allegations of paragraph 3.

4.  The Defendants admit that Westlake is an Aruban corporation, but deny the remaining allegations of paragraph 4.

5.  The Defendants admit that EJ Enterprises is a Florida corporation, but deny the remaining allegations of paragraph 5.

6.  The Defendants admit that Mr. Witucki: (1) is an individual over the age of 18; (2) is otherwise *sui juris*; (3) is an officer of EJ Enterprises; and (4) is a photographer and/or videographer who does business in Florida. The Defendants deny the remaining allegations of paragraph 6.

7.  The Defendants admit that they are subject to the personal jurisdiction of this Court, but deny the remaining allegations of paragraph 7.

8.  The Defendants admit that they are subject to the personal jurisdiction of this Court, but deny the remaining allegations of paragraph 8.

9.  Denied.

10. The Defendants admit that Net Transactions and Westlake are subject to the personal jurisdiction of this Court, and that Section 48.193(1), Fla. Sta., provides that "[a]ny person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits . . . to the jurisdiction of the courts of this state . . .[.]"

2

CASE NO. 08-80730-CIV-MARRA/JOHNSON

The Defendants deny the remaining allegations of paragraph 10, including the allegations about dismissed parties to which no answer should be required.

11. The Defendants admit that EJ Enterprises and Mr. Witucki are in the business of taking still photographs and films. The Defendants deny the remaining allegations of paragraph 11, including the allegations about a dismissed party to which no answer should be required.

12. The Defendants admit that venue is proper in this District, but deny that they engaged in any wrongful acts or omissions giving rise to Plaintiffs' claims.

13. Denied.

## THE BUSINESS OF DEFENDANTS

14. The Defendants admit that College Wild Parties is a website on the Internet accessible at the URL www.collegewildparties.com, but deny the remaining allegations of paragraph 14.

15. The Defendants admit that Net Transactions owns the website College Wild Parties, but deny the remaining allegations of paragraph 15.

16. Denied.

17. The Defendants admit that Net Transactions owns websites other than College Wild Parties, but deny the remaining allegations of paragraph 17.

18. The Defendants admit that certain of Net Transactions' funds had been deposited into a bank account held by Westlake, but deny the remaining allegations of paragraph 18.

19. The Defendants submit that paragraph 19 consists of allegations about a dismissed party to which no answer is required. To the extent an answer is required, the Defendants deny the

CASE NO. 08-80730-CIV-MARRA/JOHNSON

allegations of paragraph 19.

20. The Defendants submit that paragraph 20 consists of allegations about dismissed parties to which no answer is required. To the extent an answer is required, the Defendants deny the allegations of paragraph 20.

21. The Defendants admit that Mr. Witucki is a photographer who owns and operates EJ Enterprises. The Defendants deny the remaining allegations of paragraph 21, including the allegations about a dismissed party to which no answer should be required.

22. The Defendants admit that Mr. Witucki and EJ Enterprises have hosted parties, but deny the remaining allegations of paragraph 22.

23. The Defendants admit that still photographs and films have been taken of individuals in attendance at the parties, but deny the remaining allegations of paragraph 23.

## FACTS

24. The Defendants admit that the Plaintiff attended a party in Boca Raton, Florida, hosted by Mr. Witucki and EJ Enterprises on or about March 23, 2007. The Defendants deny the remaining allegations of paragraph 24, including the allegations about a dismissed party to which no answer should be required.

25. The Defendants admit that still photographs and videos were taken during the party on or about March 23, 2007. The Defendants deny the remaining allegations of paragraph 25, including the allegations about a dismissed party to which no answer should be required.

26. Denied.

27. Denied.

CASE NO. 08-80730-CIV-MARRA/JOHNSON

28. Denied.

29. Denied.

30. Denied.

31. The Defendants admit that the Plaintiff's image was displayed on certain locations of the College Wild Parties website for a limited time, but deny the remaining allegations of paragraph 31.

32. The Defendants admit that the Plaintiff's head and face were seen smiling in her image, but deny the remaining allegations of paragraph 32.

33. The Defendants admit that EJ Enterprises' home web page is located at www.edwardjames.com, but deny the remaining allegations of paragraph 33.

34. Denied.

35. Denied.

### COUNT I - UNAUTHORIZED PUBLICATION OF LIKENESS UNDER FLORIDA STATUTE § 540.08

36. The Defendants repeat and incorporate by reference their answers to paragraphs 1-35 above.

37. The Defendants admit that the website College Wild Parties displayed the Plaintiff's image on certain locations for a limited time, but deny the remaining allegations of paragraph 37.

38. The Defendants submit that paragraph 38 contains allegations about a dismissed party to which no answer is required. To the extent an answer is required, the Defendants deny the allegations in paragraph 38.

39. Denied.

5

CASE NO. 08-80730-CIV-MARRA/JOHNSON

40. The Defendants admit that EJ Enterprises' website is located at www.edwardjames.com, but deny the remaining allegations of paragraph 40.

41. Denied.

42. Denied.

## COUNT II - DEFAMATION BY IMPLICATION

43. The Defendants repeat and incorporate by reference their answers to paragraphs 1-42 above.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT III - UNJUST ENRICHMENT

49. The Defendants repeat and incorporate by reference their answers to paragraphs 1-49 above.

50. Denied.

51. The Defendants submit that paragraph 51 contains allegation about a dismissed party to which no answer is required. To the extent an answer is required, the Defendants deny the allegations in paragraph 51.

52. The Defendants deny the allegations of paragraph 52, including the allegations about a dismissed party to which no answer should be required.

CASE NO. 08-80730-CIV-MARRA/JOHNSON

53.   The Defendants admit that Westlake previously held a bank account into which certain payments made to Net Transactions were deposited, but deny the remaining allegations of paragraph 53.

54.   The Defendants submit that paragraph 54 contains allegations about a dismissed party to which no answer is required. To the extent an answer is required, the Defendants deny the allegations in paragraph 54.

55.   Denied.

56.   Denied.

### COUNT IV - DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO §501.201 et seq FLORIDA STATUTES

57.   The Defendants repeat and incorporate by reference their answers to paragraphs 1-56 above.

58.   The Defendants admit that the Complaint purports to state a claim for declaratory and injunctive relief under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq., but deny that the Plaintiff has stated a claim upon which relief can be granted.

59.   Denied.

60.   Denied.

### DENIAL OF PREVIOUS ALLEGATIONS NOT ADMITTED OR DENIED

61.   All other allegations not specifically admitted or denied are hereby denied.

CASE NO. 08-80730-CIV-MARRA/JOHNSON

\* \* \*

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands because the Plaintiff, knowing that all persons were required to sign a release and present valid identification prior to being admitted into the party at issue, instead trespassed into the party and permitted herself to be photographed by the Defendants.

### Second Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because the Plaintiff failed to timely protest either the filming during the party at issue or the use of her image.

### Third Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel because the Plaintiff, knowing that all persons were required to sign a release and present valid identification prior to being admitted into the party at issue, instead trespassed into the party and permitted herself to be photographed by the Defendants.

### Fourth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrine of release because the Plaintiff signed an agreement that allowed her images to be used by the Defendants for any purpose.

### Fifth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk because the Plaintiff, knowing that photographs and films were being taken during the party at issue,

CASE NO. 08-80730-CIV-MARRA/JOHNSON

attended the party and permitted her image to be taken and used by the Defendants.

### Sixth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver because the Plaintiff signed an agreement that allowed her images to be used by the Defendants for any purpose.

### Seventh Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the existence of a license by which the Plaintiff granted the Defendants implied and/or express permission to use her image.

### Eighth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, because the Defendants did not use the Plaintiff's image for commercial purposes within the meaning of Fla. Stat. § 540.08.

### Ninth Affirmative Defense

The Plaintiff's claims pursuant to Count IV are barred in that the Plaintiff has failed to state a cause of action upon which relief can be granted. Specifically, the Plaintiff has failed to allege that: (1) she is a consumer; or (2) she engaged in any consumer transaction.

### Tenth Affirmative Defense

The Plaintiff's claims pursuant to Count II are barred in that the Plaintiff has not been prejudiced in the eyes of a substantial and respectable minority in the community.

### Eleventh Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the truth of any representation regarding the Plaintiff's image.

CASE NO. 08-80730-CIV-MARRA/JOHNSON

### Twelfth Affirmative Defense

The Plaintiff has not suffered the damages alleged, and to the extent any damages were incurred, the Plaintiff has failed to mitigate its alleged damages.

### Thirteenth Affirmative Defense

The Plaintiff's claims pursuant to Count IV entitle the Defendants to an award of attorneys' fees and costs under Fla. Stat. § 501.201 et seq., 57.105.

### Reservation of Affirmative Defenses

The Defendants reserve the right to amend these affirmative defenses as appropriate.

Dated: October 19, 2009

        **TRIPP SCOTT, P.A.**
        *Attorneys for Defendants Net Transactions, Ltd.,*
        *Westlake Holdings, AVV, Edward James*
        *Enterprises, Inc., and James Witucki*

        110 S.E. Sixth Street, 15th Floor
        Fort Lauderdale, Florida 33301
        Telephone: (954) 525-7500
        Facsimile: (954) 761-8475

        By: ___/s/ Paul O. Lopez___
            Paul O. Lopez
            Florida Bar No. 355607
            pol@trippscott.com

<u>Additional Counsel for the Defendants (listed on following page)</u>

CASE NO. 08-80730-CIV-MARRA/JOHNSON

Additional Counsel for the Defendants

**JENNER & BLOCK LLP**
*Attorneys for Defendants Net Transactions, Ltd.,*
*Westlake Holdings, AVV, Edward James*
*Enterprises, Inc., and James Witucki*
Brent Caslin (subject to *pro hac vice* application)
Christopher Chiou (subject to *pro hac vice* application)
633 West 5th Street, Floor 35
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

**Jessica Pena-Sackett**
*Attorney for Net*
*Transactions, Ltd. and*
*Westlake Holdings, AVV*
Admitted *pro hac vice*
6614 E. Tanque Verde
Tucson, Arizona 85714
Telephone: (520) 290-0910
Facsimile: 520-258-4045